UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FIRST RESORT, INC.,<br><br>      Plaintiff,<br><br>  vs.<br><br>DENNIS J. HERRERA, in his official capacity as City Attorney of the City of San Francisco; BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO; and THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>      Defendants. | Case No: C 11-5534 SBA<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Docket 30 |

      Plaintiff First Resort, Inc. ("First Resort") brings the instant action to challenge the constitutionality of San Francisco's Pregnancy Information Disclosure and Protection Ordinance ("Ordinance"), S.F. Admin. Code, ch. 93, §§ 93.1-93.5. As defendants, First Resort has named the City and County of San Francisco, the San Francisco Board of Supervisors and San Francisco City Attorney Dennis J. Herrera (collectively "Defendants" or "the City").

      The parties are presently before the Court on Defendants' Motion to Dismiss First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), which seeks the dismissal of First Resort's third claim for preemption. Dkt. 30. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

The parties are familiar with the facts of this case which are summarized herein only to the extent they are germane to the instant motion.

On November 3, 2011, San Francisco Mayor Edwin Lee signed the Ordinance into law, making it effective as of December 4, 2011.  The Ordinance prohibits "limited services pregnancy centers" from making false or misleading statements to the public relating to their services.  First Resort, a non-profit pregnancy counseling and health clinic which holds anti-abortion views, claims that the Ordinance infringes upon its constitutionally protected right to free expression.  Am. Compl. ¶ 1, Dkt. 25.

On November 16, 2011, First Resort commenced the instant action in this Court seeking to invalidate the Ordinance on the grounds that it is unconstitutionally vague and violates its right to free expression.  The Complaint alleged that the Ordinance: (1) infringes on the right to freedom of expression under the First and Fourteenth Amendment; (2) is void for vagueness; (3) violates the Equal Protection Clause of the United States Constitution; and (4) is impliedly preempted by California law.  Dkt. 1.

In response to the Complaint, Defendants filed a Rule 12(b)(6) motion, which the Court granted in part and denied in part.  The Court granted Defendants' motion as to First Resort's claim for implied preemption, but granted leave to amend to allege a claim that the Ordinance is preempted by California Business and Professions Code section 17500. Dkt. 24.  On October 11, 2012, First Resort filed a First Amended Complaint ("FAC") alleging three claims: (1) violation for the First and Fourteenth Amendments—Freedom of Expression; (2) Fourteenth Amendment—Equal Protection; and (3) Preemption.  Dkt. 25. The matter has been fully briefed and is ripe for adjudication.

II. **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal

theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery."  Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.  Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III. DISCUSSION

First Resort claims that the Ordinance is preempted by California Business and Professions Code section 17500, which sets forth a general prohibition against false and misleading advertising.  FAC ¶¶ 45-49.  Dkt. 30.  Under California law, "[a] county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." Cal. Const., art. XI, § 7.  "The California Supreme Court has held that State Law is 'in conflict with' or preempts local law if the local law 'duplicates, contradicts, or enters an area fully occupied by general law, either expressly or by legislative implication.'"  Fireman's Fund Ins. Co. v. City of Lodi, 302 F.3d 928, 941 (9th Cir. 2002) (quoting Sherwin-Williams Co. v. City of Los Angeles, 4 Cal. 4th

893, 897 (1993)). "Local legislation is 'duplicative' of general law when it is *coextensive* herewith." Sherwin-Williams, 4 Cal.4th at 898 (emphasis added).

Citing Fireman's Fund, Defendants contend that the Ninth Circuit has held that the doctrine of duplication preemption is limited to penal ordinances. Defs.' Mot. at 4-5. This contention lacks merit. Though Fireman's Fund recognized that "California courts have *largely* confined the duplication prong of the state preemption test to penal ordinances," it did not expressly hold that duplication preemption applies *only* in cases where a penal ordinance is involved. 302 F.3d at 956 (emphasis added). Rather, the court explained that the relevant question in a duplication preemption analysis is whether the challenged ordinance is "coextensive with state law." Id. In finding that the ordinance was not preempted, the court explained that while the local ordinance addressed "[the] same subject as covered by state hazardous waste laws," it was "hardly co-extensive with [them]." Id. The court did not conclude that duplication preemption was inapposite, as a matter of law, on the ground that a civil ordinance was involved.

Defendants next argue that no California court has ever struck down a civil ordinance under the doctrine of duplication preemption without also finding that the ordinance is barred by conflict or implied preemption. Defs.' Mot. at 5-6. In addition, they assert that the ostensible policies underlying duplication preemption, i.e., avoiding jurisdictional conflicts and double jeopardy concerns, are not implicated by the Ordinance. Id. The import of these arguments is unclear. As noted, the salient question for purposes of analyzing a claim of duplication preemption is whether the local ordinance is "co-extensive" with a particular state law. See Sherwin-Williams, 4 Cal.4th at 898. Defendants' motion does not directly confront that specific issue. As such, the Court declines to consider the substantive merit of First Resort's preemption claim at this juncture. See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss First Amended Complaint is DENIED.

2. Within fourteen (14) days of the date this Order is filed, Defendants shall file their Answer to the FAC.

3. The parties shall appear for a telephonic Case Management Conference on **April 25, 2013 at 2:30 p.m.** Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement which complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court. Plaintiff shall assume responsibility for filing the joint statement no less than seven (7) days prior to the conference date. Plaintiff's counsel is to set up the conference call with all the parties on the line and call chambers at (510) 637-3559. NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR AUTHORIZATION OF THE COURT.

4. This Order terminates Docket 30.

IT IS SO ORDERED.

Dated: March 11, 2013

SAUNDRA BROWN ARMSTRONG
United States District Judge