1
2
3
4
5

United States District Court
Northern District of California

6   FIRST RESORT, INC.,                    Case No.: CV 11-5534 SBA (KAW)

7            Plaintiff,                    ORDER REGARDING JOINT DISCOVERY
                                           LETTER BRIEF (DKT. NO. 51) AND
8        v.                                DOCUMENTS SUBMITTED FOR IN
                                           CAMERA REVIEW
9   DENNIS HERRERA, et al.,

10           Defendants.

11

12

13          On November 26, 2013, this matter was referred to the undersigned for discovery

14  purposes.  On December 6, 2013, the parties filed three joint discovery letter briefs.  The court

15  held a hearing on the matter on January 2, 2014.  At the conclusion of the hearing, the court

16  ordered the parties to meet and confer to narrow the scope of their discovery disputes and ordered

17  the defendants to file an amended privilege log.  The parties narrowed their discovery disputes as

18  set forth in a February 4, 2014 joint status report.  The defendants included a copy of their

19  amended privilege log with that status report.  The court then issued an order on February 14,

20  2014.  In that order, the court resolved some of the parties' remaining disputes.  The court,

21  however, deferred ruling on the defendants' claims of privilege as to certain documents and

22  instead ordered the defendants to produce the purportedly privileged documents for *in camera*

23  review.  The court has received those documents.  After reviewing the documents *in camera*, the

24  court orders production of certain documents as set forth below.[1]

25  ///

26  ///

27

28  ---
    [1] As the discovery disputes outlined in Dkt. Nos. 52 and 53 have been resolved, the court hereby
    terminates those docket entries.

United States District Court
Northern District of California

# I.    DISCUSSION

## A.    Documents purportedly subject to the attorney-client privilege or the attorney work-product doctrine

The attorney-client privilege attaches to communications "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived."  *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010).  "The party asserting the privilege bears the burden of proving each essential element."  *Id.* (internal citations and quotations omitted).

The attorney work-product doctrine applies to "documents and tangible things that are prepared in anticipation of limitation or for trial by or for another party or its representative."  FED. R. CIV. P. 26(b)(3)(A).  To qualify for protection under this doctrine, a document must "(1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative."  *United States v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011).  Where a document was not prepared exclusively in anticipation of litigation or for trial, "the 'because of' test is used."  *Id.*  Under this test, such a document qualifies for work-product protection "if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation."  *Id.*  In applying this standard, courts are to consider "the totality of the circumstances and determine whether the document was created because of anticipated litigation, and would have not been created in substantially similar form but for the prospect of litigation."  *Id.* (internal quotations and citations omitted).

The City contends that the attorney-client privilege, or the attorney work-product doctrine, protects document nos. REV-0025017, REV-0025018, REV-0030376 through REV-0030383, REV-0030384, REV-0031050 through REV-0031057, REV-0031058, REV-0031059 through REV-0031060, REV-0031061, REV-0031062 through REV-0031069, REV-0041353 through

2

REV-0041361, and CCSF003307-CCSF003307 from disclosure.  (Def.'s Privilege Log, Dkt. No. 79 at 1, 2, 3.)  The court addresses each item in turn.[2]

### 1.   Document no. REV-0025017

Document no. REV-0025017 is a September 27, 2011 email from Deputy City Attorney Erin Berstein to Supervisor Cohen's legislative aide, Andrea Bruss.  (Privilege Log at 1.)  The email is titled "drey re cpcs.doc."  *(Id.)*  The email's subject matter is "[f]owarding information from Dr. Drey."  *(Id.)*  The email footer reads "attorney-client privilege and/or attorney work product privilege."  *(Id.)*  The City also indicates that "[t]o the best of [its] knowledge, th[e] document was not shared with anyone outside the City."  *(Id.)*

Having reviewed the email message *in camera*, the court finds that the message is attorney-client privileged and thus protected from disclosure.  *See Graf*, 610 F.3d at 1156.  The communication is between Deputy City Attorney Erin Bernstein, and a legislative aide to Supervisor Cohen.  The communication is designated privileged and confidential, which is appropriate given that the content of the message directly relates to the legislative proceedings concerning the crisis pregnancy center ordinance and contains Ms. Bernstein's advice as to how to proceed in the handling of certain related information.  As the attorney-client privilege provides a proper basis for withholding the document, the court need not reach the City's claim that the email may also be protected from disclosure under the attorney work-product doctrine.  Accordingly, the City need not produce Ms. Berstein's September 27, 2011 email.

### 2.   Document no. REV-0025018

Document no. REV-0025018 is an attachment to Ms. Berstein's September 27, 2011 email.  (Privilege Log at 1.)  The attachment is a "[s]tatement from Dr. Drey," an employee at San Francisco General Hospital's Women's Options Center.  *(Id.)*  The attachment's subject matter is "[a] patient's experience at a Crisis Pregnancy Center."  *Id.*  The "[d]ate [the] document [was]

---

[2] With respect to document nos. REV-0031050 through REV-0031057, REV-0031058, REV-0031061, REV-0031062 through REV-0031069, the City also asserts the deliberative process privilege in addition to the attorney-client privilege.  Privilege Log at 2, 3.  In its February 14, 2014 order, the court noted that First Resort only challenged the City's assertions of the attorney-client privilege with respect to document nos. REV-0025017 and REV-0025018.  The court thus presumed that First Resort conceded that the City's other assertions of the attorney-client privilege were unchallenged and thus sufficient to protect document nos. REV-0031050 through REV-0031057, REV-0031058, REV-0031061, REV-0031062 through REV-0031069 from disclosure. For that reason, any discussion of the propriety of the City's assertions of the deliberative process privilege with respect to these materials is unnecessary.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

prepared is unknown," and there are "[n]o recipients listed on [t]he letter." *(Id.)* The City does not indicate that the letter was not shared with anyone outside the City. *(See id.)*

The City's description of the letter's subject matter is accurate. *(See id.)* Dr. Drey's letter recounts a patient's experience at a crisis pregnancy center. *(See id.)* As the City points out, the letter is undated and is not addressed to any recipient. *(See id.)* In addition, the City does not, as it does with respect to certain other documents, indicate that the letter was not shared with anyone outside the City. *(See id.)* In the section of its privilege log designated for information concerning the steps taken to ensure the confidentiality of each item, the City indicates only that the "E-mail footer notes attorney-client privilege and/or attorney-work product privilege." *(See id.)* While the email to which Dr. Drey's letter was attached contains that notation, Dr. Drey's letter itself is not similarly marked. *(See id.)* This undermines the City's claim of attorney-client privilege. *See Graf,* 610 F.3d at 1156 ("[The] party asserting the attorney-client privilege has the burden of establishing the . . . privileged nature of the communication."). In light of the content of Dr. Drey's letter, and absent anything from the City suggesting otherwise, there is no indication that Dr. Drey's letter was transmitted, to a specific intended recipient, in confidence. *See id.* (attorney-client privilege attaches to communications made in confidence). In addition, First Resort maintains, and this court agrees, that this document may already be a part of the legislative record, a fact which the City has neither confirmed nor denied. (Feb. 4, 2014 Joint Status Rpt., Dkt. No. 3 at 3 & n.2.) For these reasons, the court finds that Dr. Drey's letter is not protected by the attorney-client privilege.

The letter is also not protected from disclosure by the attorney work-product doctrine. *See* FED. R. CIV. P. 26(b)(3)(A); *Richey,* 632 F.3d 559, 567 (9th Cir. 2011) ("To qualify for work-product protection, documents must (1) be prepared in anticipation of litigation or for trial . . . .") (internal quotations and citation omitted). There is no indication that Dr. Drey's letter, which is undated and not addressed to any particular recipient, was prepared for any type of adversarial proceeding that may qualify as litigation for the purposes of the attorney work-product doctrine. Rather, it appears that the letter was prepared to support the passage of the crisis pregnancy center ordinance and thus would have been prepared without regard to whether litigation was expected to ensue. *See Richey,* 632 F.3d at 568 (document not protected by work-product doctrine where it was not "prepared or obtained because of the prospect of litigation"). For this reason, the work-product doctrine does not protect Dr. Drey's letter from disclosure.

4

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Accordingly, the City shall produce, without redaction, Dr. Drey's letter, identified as document no. REV-0025018, within 14 days of this order.

**B.     Documents purportedly protected from disclosure under the deliberative process privilege**

The deliberative process privilege protects documents from disclosure if they "reflect advisory opinions, recommendations and deliberations comprising part of the process by which government decisions and policies are formulated." *FTC v. Warner Commc'ns*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citation omitted).  The purpose of the privilege is to "promote frank and independent discussion among those responsible for making governmental decisions and also to protect against premature disclosure of proposed . . . policies or decisions." *Id.* (citations omitted).  The party seeking the privilege must establish that the document at issue is both predecisional and deliberative.  *Id.*  "A predecisional document is one prepared in order to assist an agency decisionmaker in arriving at his decision." *Assembly of the State of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992).  Such a document "is a part of the deliberative process if the disclosure of the materials would expose an agency's decisionmaking process in such a way to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.*  In addition, "[p]urely factual material that does not reflect deliberative processes is not protected . . . . unless [it] is so interwoven with the deliberative material that it is not severable." *Id.* (citations omitted).

"The deliberative process privilege is a qualified one.  A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *FTC*, 742 F.2d at 1161 (citations omitted).  In making this determination, the court should consider:  (1) the relevance of the evidence, (2) the availability of other evidence, (3) the government's role in the litigation, and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.  *Id.* (citations omitted); *see also N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003).

The City identifies the deliberative process privilege as its sole basis for withholding document nos. REV-0025031, REV-0029176 through REV-0029184, REV-0029255 through

5

United States District Court
Northern District of California

0029258, REV-0029326 through 0029335, REV-0029934 through REV-0029935, REV-0029936, REV-0031070 through REV-0031071, and REV-0041362.  (Def.'s Privilege Log, Dkt. No. 79 at 1, 2, 3.)  The City contends that "its assertions of privilege are appropriate, and that its document descriptions and articulations of the steps taken to preserve document confidentiality are sufficient to allow meaningful review."  (Feb. 4, 2014 Joint Status Rpt. at 3.)  The City further asserts that documents such as internal talking points memoranda and drafts of press releases that were never publicly issued "are core internal communications," the product of which "would chill the ability of legislative staff to engage in honest discussions regarding legislation."  (*Id.*)  Having reviewed the documents at issue *in camera*, the court disagrees.  Neither the City's current privilege log, which it supplied in response to the court's specific instructions to substantiate its claims of privilege, nor the content of the documents at issue, supports the City's position.  Indeed, much of the materials purportedly subject to the deliberative process privilege relate to preparations for interviews or other public communications rather than any deliberative process contemplated by the privilege.

### 1.      Document no. REV-0025031

Document no. REV-0025031 is a draft "press release entitled Board of Supervisors to Vote on Deceptive Marketing by 'Crisis Pregnancy Centers' Proposal."  (Privilege Log at 1.)  According to the City, this draft press release appears to be unrelated to the August 2, 2011 press release issued by Supervisor Cohen and City Attorney Dennis Herrera.  *(Id.)*  The City indicates that, to the best of its knowledge, the draft press release was never finalized or publicly released.  *(Id.)*

The draft press release at issue may be considered predecisional in that the document was generated before the adoption of the crisis pregnancy center ordinance.  *See FTC*, 742 F.2d at 1161.  The draft press release, however, is not predecisional in the sense that it does appear to have been prepared in order to assist in the making of any decision.  *See Assembly of the State of Cal.*, 968 F.2d at 920 ("A predecisional document is one prepared in order to assist an agency decisionmaker in arriving at his decision.") (quotations and citations omitted).  Based on the content of the press release, the document is also not deliberative in that it would expose only a description of the legislation and quotes from Supervisor Cohen, not any decision-making process.  *See id.* ("A predecisional document is a part of the deliberative process if the disclosure

of the materials would expose an agency's decisionmaking process in such a way to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.") (quotations, modifications, and citations omitted); *see also In re McKesson Governmental Entities Average Wholesale Price Litigation*, 264 F.R.D. 595, 600 (N.D. Cal. 2009). In addition, the City has not offered anything in its amended privilege log to suggest that the document played any role in policy formulation. *See Mayer, Brown, Rowe & Maw LLP v. IRS*, 537 F. Supp. 2d 128, 139 (D.D.C. 2008) (draft press releases related to the public announcement of the tax consequences of sale-leaseback transactions subject to disclosure because they did not bear on policy formulation); *see also Chattler v. United States*, No. C-07-4040 MMC (EMC), 2009 WL 1313227, at * 2 (N.D. Cal. May 12, 2009) (questioning assertion of the deliberative process privilege with respect to preparations related to testimony or statements to Congress or the public, which did not seem to be akin to policymaking). As a result, the deliberative process privilege does not protect the draft press release from disclosure.

Accordingly, the City shall produce, without redaction, the draft press release, document no. REV-0025031, within 14 days of this order.

### 2.    Document nos. REV-0029176 through REV-0029184

The City describes document nos. REV-0029176 through REV-0029184 as a single email from Supervisor Malia Cohen to her legislative aide, Megan Hamilton. (Privilege Log at 1.) The email is titled "CPC talking points." *(Id.)* The City indicates that the subject matter of this single email is "[t]alking points and background information/e-mail relating to Crisis Pregnancy Centers." *(Id.)* The City indicates that, "[t]o the best of [its] knowledge this document was not shared with anyone outside the City." *(Id.)*

Document nos. REV-0029176 through REV-0029184 do not represent a single email, but a string of several emails relaying various content. The latest email in that string, from Supervisor Malia Cohen to her legislative aide, Megan Hamilton, appears to be predecisional only in that it predates the adoption of the crisis pregnancy center ordinance. Otherwise, the document does not appear to be predecisional or deliberative. The content in the message concerns preparations for an interview, not the formulation of any policy decision. *See Assembly of the*

7

United States District Court
Northern District of California

1    *State of Cal.*, 968 F.2d at 921 ("Material which predates a decision chronologically, but did not

2    contribute to that decision, is not predecisional in any meaningful sense."); *see also Vaughn v.*

3    *Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975) ("Pre-decisional materials are not exempt merely

4    because they are pre-decisional; they must also be a part of the agency give-and-take of the

5    deliberative process by which the decision itself is made.").  The document is therefore not

6    protected from disclosure under the deliberative process privilege.

7           The content of the second email in that string is also not predecisional.  That email was

8    drafted by a legislative aide and sent to assist Supervisor Cohen to prepare for an interview, not

9    "to assist an agency decisionmaker in arriving at [a] decision" contemplated by the deliberative

10   process privilege.  *See Renegotiation Bd. v. Grumman Aircraft Eng'g Corp*, 421 U.S. 168, 184

11   (1975).  The email is also not deliberative.  The source of its content is a publicly-available .pdf

12   document, not any agency give-and-take.  *See Vaughn*, 523 F.2d at 1144.  For these reasons, this

13   second email is not protected from disclosure under the deliberative process privilege.

14          The final email, sent to Megan Hamilton by an employee affiliated with an outside

15   organization, is similarly unprotected by the deliberative process privilege.  As with the prior

16   email communications, the material in the message appears to relate to a public interview, not an

17   agency decision-making process.  *See Chattler*, 2009 WL 1313227, at * 2.

18          Accordingly, the City shall produce, without redaction, document nos. REV-0029176

19   through REV-0029184, within 14 days of this order.

20                        **3.      Document nos. REV-0029255 through 0029258**

21          The City describes document nos. REV-0029255 through 0029258 as an email titled:

22   "Our materials on the Limited Service Pregnancy Center legislation."  (Privilege Log at 1.)  In its

23   privilege log, the City indicates that "[t]o the best of [its] knowledge this document was not

24   shared with anyone outside the City."  *(Id.)*

25          Document nos. REV-0029255 through 00292258 also do not represent a single email but a

26   series of email messages.  These messages contain communications regarding the drafting and

27   finalization of a response to an "inquiry regarding Limited Serve Pregnancy Centers."  (Privilege

28   Log at 1.)  Looking at the email messages alone and considering that the origin of the inquiry is

United States District Court
Northern District of California

unspecified,[3] it appears that the content of this communication does not "bear on the policy formulation."  *See Vaughn*, 523 F.2d at 1144 (only documents that are a "direct part of the deliberative process" and "make[] recommendations or express[] opinions on legal or policy matters" are protected by the deliberative process privilege").  In fact, the content in these messages reveals that the crisis pregnancy center ordinance had been heard and forwarded to the Board of Supervisors at the time these messages were being shared.  *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) ("The deliberative process privilege should be invoked only in the context of communications designed to directly contribute to the formulation of important public policy.") (citation omitted); *see also Mayer Brown*, 537 F. Supp. 2d at 136 (noting that materials intended to brief government agency employees once a ruling was issued were too far "removed from an actual policy decision" to warrant protection under the deliberative process privilege) (citations omitted).  This defeats the City's claim that this email string is protected from disclosure by the deliberative process privilege.

Based on the foregoing, the City shall produce document nos. REV-0029255 through 0029258, without redaction, within 14 days of this order.

### 4.   Document nos. REV-0029326 through 0029335

Document nos. REV-0029326 through REV-0029335 are duplicative of the documents identified as REV-0029176 through 0029184.  Accordingly, the City shall produce these duplicative documents in the same manner discussed *supra* Part I.B.2.

### 5.   Document nos. REV-0029934 through 0029935

Document nos. REV-0029934 through 0029935 are an email containing a draft newsletter "blurbs" and a quote from Supervisor Cohen.  (Privilege Log at 1.)  The content of the message, as it concerns crisis pregnancy centers, is not deliberative, but largely factual.  For example, the "blurb" relating to the crisis pregnancy center legislation explains when the legislation was introduced, when it went to committee, and when the legislation was scheduled for a tentative vote.  It also contains a quote, from an unidentified source, regarding the legislation.  The factual

---

[3] The document does show, however, that the individual to whom the final response is directed does not have a "sfgov.org" email address.

United States District Court
Northern District of California

1    content is not "so interwoven with the deliberative material that it is not severable" from any

2    protected material.  *See FTC*, 742 F.2d at 1161.  The quote, to the extent it is not attributable to any

3    identified source, would not likely chill any agency communication.  In addition, the content of

4    the message is not predecisional, it resembles more of a public announcement than anything

5    "prepared in order to assist an agency decisionmaker in arriving at [a] decision."  *See*

6    *Renegotiation Bd.*, 421 U.S. at 184; *see also Coastal States Gas Corp. v. Dep't of Energy*, 617

7    F.2d 854, 864 (D.C. Cir. 1980) ("[E]ven if [a] document is predecisional at the time it is prepared,

8    it can lose that status if it is adopted . . . as the agency position on an issue or is used by the

9    agency in its dealings with the public.").

10        For these reasons, the City shall produce document nos. REV-0029934 through 0029935,

11   without redaction, within 14 days of this order.

### 6.      Document no. REV-0029936

13        Document no. REV-029936 is an email message between Supervisor Cohen's staff.

14   (Privilege Log at 1.)  It summarizes a message received from an individual who expressed an

15   interest in testifying in support of the crisis pregnancy center ordinance based on her own

16   experience with a crisis pregnancy center.  *(Id.)*  The email contains substantial factual content,

17   which is not "so interwoven with the deliberative material that it is not severable" from any

18   protected material.  *FTC*, 742 F.2d at 1161.

19        Accordingly, within 14 days of this order, the City shall produce document no. REV-

20   0029936 without redaction.

### 7.      Document nos. REV-0031070 through REV-0031071

22        Document nos. REV-0031070 through REV-0031071 are a series of emails discussing a

23   communication from Supervisor Cohen to the other Supervisors on the Board.  This material is

24   both predecisional and deliberative.  It is a communication originating from Supervisor Cohen, in

25   which she expresses her stance on the crisis pregnancy center ordinance.  The message was

26   obviously intended to be circulated to the other Supervisors on the Board (and their staff) for the

27   purpose of garnering support for the passage of the legislation.  As such, this message is protected

28   from disclosure by the deliberative process privilege.  Moreover, given the nature and content of

the document, there is no overriding interest that would compel disclosure. *FTC*, 742 F.2d at 1161 (listing four factors courts are to consider in determining whether a party's interest in protected materials overcomes the deliberative process privilege). The content of the message bears little, if any, relevance to the issues in this litigation. In addition, First Resort has access to other evidence, including the legislative record, which it may use to advance its position in this litigation. Furthermore, while the City is a party to this action, and as such, sits in the posture of a typical civil litigant in terms of its inclination to resist disclosure of unfavorable information and to assert whatever procedural protections it may invoke to challenge an opposing party's discovery requests, compelling disclosure of Supervisor Cohen's message would risk chilling communications between individual Supervisors on matters directly relating to policymaking. Thus, First Resort's interest in the document does not overcome the City's interest in non-disclosure.

Accordingly, the City need not produce document nos. REV-0031070 through REV-0031071.

### 8.    Document no. REV-0041362

Document no. REV-0041362 is identical to REV-0025031. The City shall, therefore, produce that document as discussed *supra* Part I.B.1.

///
///
///
///
///
///
///
///
///
///
///

United States District Court
Northern District of California

## II.  CONCLUSION

For the reasons set forth above, the City shall produce the following materials within 14 days of this order:

(1) Dr. Drey's letter, document no. REV-0025018, without redaction.

(2) The draft press release, document no. REV-0025031, without redaction.

(3) The email string, beginning at document no. REV-0029176 and ending at document no. REV-0029184, without redaction.

(4) The email string, document nos. 0029255 through 0029258, without redaction.

(5) The email string, document nos. REV-0029326 through REV-0029335, without redaction.

(6) The email, beginning at document no. REV-0029934 and ending at document no. 0029935, without redaction.

(7) The email, document no. REV-0029936, without redaction.

(8) The draft press release, document no. REV-0041362, without redaction.

IT IS SO ORDERED.

DATE: March 10, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

12